**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 15, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 02-61031
Summary Calendar

———————————————

JOSE LUIS MIRELES-ZAPATA,

Petitioner,

versus

TOM RIDGE, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,

Respondent.

--------------------
Petition for Review of an Order of the
Immigration and Naturalization Service
Agency No. A91-102-494
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Mireles-Zapata has petitioned for review of the
decision of the Immigration and Naturalization Service ("INS")
reinstating its December 1993 order of removal pursuant to
Immigration and Nationality Act ("INA") § 241(a)(5). See
8 U.S.C. § 1231(a)(5). The respondent's motion to supplement is
granted in part and denied in part. The respondent's motion to
supplement the administrative record to include the prior order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of removal is granted. However, that motion is denied to the extent that it seeks to supplement the administrative record with a copy of a certified mail receipt.

"In enacting § 241(a)(5), Congress' intent was to streamline and expedite existing procedures for removing illegal aliens, which had become 'cumbersome and duplicative.'" Ojeda-Terrazas v. Ashcroft, 290 F.3d 292, 296 (5th Cir. 2002). Under implementing regulations pertaining to reinstatement proceedings, "the alien is not entitled to a hearing before an immigration judge." Id. (citing 8 C.F.R. § 241.8). "Rather, an INS officer determines (1) the identity of the alien; (2) whether the alien was subject to a prior order of removal; and (3) whether the alien unlawfully reentered the United States." Id. This court has jurisdiction to review the Attorney General's reinstatement order. Id. at 294-95.

Mireles-Zapata raises several issues with regard to the adequacy of the administrative record. Mireles-Zapata argues that the administrative record does not contain a copy of the prior order of removal. Mireles-Zapata did not dispute his identity below or that he was subject to an order of removal issued in December 1993. The record has been supplemented with a copy of the original removal order. There is no reversible error.

Mireles-Zapata also argues that the Attorney General has not shown that he was the person who was the subject of the December

1993 order of removal.  To the extent that this argument implicates the validity of the original order of removal, it is beyond this court's jurisdiction.  See <u>Ojeda-Terrazas</u>, 290 F.3d at 294-95.  Again, Mireles-Zapata did not dispute below the immigration officer's determination as to his identity.  There is no genuine dispute as to his identity and there is, thus, no reversible error.  Accordingly, Mireles-Zapata's petition for review is DENIED.