IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-60106

SHAYAM LA LAKHAVANI

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A26 703 182

Before BENAVIDES, CLEMENT and PRADO, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge.[*]

Shayam La Lakhavani seeks a petition for review of the orders of the Board of Immigration Appeals ("BIA") dismissing his appeal, denying his motion to remand, and denying his motion for reconsideration. The respondent has filed a motion to dismiss Lakhavani's petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C). As Lakhavani concedes, § 1252(a)(2)(C) is applicable to him because he qualified for removal when he committed an aggravated felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, he asserts that his arguments raise questions of law or constitutional issues that are reviewable under 8 U.S.C. § 1252(a)(2)(D). Because his claims are, in reality, attempts to have this Court revisit the factual findings and procedural decisions of the tribunals below, we deny Lakhavani's petition for review. We grant in part and deny in part the Government's motion to dismiss.

## I. FACTS AND PROCEEDINGS

Lakhavani is a native and citizen of Pakistan who entered the United States in 1980 as an immigrant.[**] In 1983, he married a United States citizen and became a lawful permanent resident. In 1990, Lakhavani pleaded guilty to receiving a firearm while under indictment and was sentenced to ten months of imprisonment (five of which were served under home detention) and two years of supervised release. In 2001, the Department of Justice ("DOJ") charged Lakhavani with being removable under 8 U.S.C. § 1227(a)(2)(C) based on the 1990 firearm conviction, and then later charged him with being removable for committing an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) (based on the same firearm offense).

At his February 2002 removal hearing before the United States Immigration Court, Lakhavani admitted that the allegations against him were true. The immigration judge ("IJ") determined that Lakhavani was eligible for adjustment of status based on his marriage to a U.S. citizen and reset Lakhavani's hearing to allow his wife to file a visa application which would permit his status to be adjusted. Lakhavani stated that he wanted to apply for

---

[**] Although the Government alleges that Lakhavani actually entered the United States in 1983, it concedes that the year of entry is not relevant to the outcome of this case.

political asylum in addition to adjustment of status.*** The IJ informed him that his convictions made him ineligible for asylum, but that he could apply for withholding of removal. The IJ noted that his application for withholding of removal would have to be received on the record and gave him a date of April 29, 2002 on which to submit it. At the April 2002 hearing, the IJ reminded Lakhavani that the court was supposed to receive his form for withholding of removal or relief under the Convention Against Torture ("CAT") on that date. United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 113 (entered into force for the United States Nov. 20, 1994). Lakhavani did not submit the form for withholding of removal and did not request extra time in which to do so. His counsel focused exclusively on Lakhavani's wife's visa application and application for adjustment of status.

After Lakhavani's wife's visa application was approved in 2004, the IJ conducted a hearing regarding Lakhavani's application for adjustment of status. The IJ noted that Lakhavani had numerous convictions from the 1980s and 1990s, including convictions for petty theft and assault, and that he had two drunk driving convictions from 2004 while his immigration appeal was pending. The IJ denied Lakhavani's application on discretionary grounds based on Lakhavani's criminal convictions, which Lakhavani stated stemmed from his alcohol use, and based on the IJ's conclusion that Lakhavani was unwilling to deal with his "alcohol problem." After the IJ pronounced his decision, Lakhavani asked for the opportunity to file a claim for withholding of removal. The IJ denied that request as untimely. Lakhavani appealed to the BIA, which

---

*** Lakhavani's application for asylum or withholding of removal would become unnecessary if he were granted adjustment of status based on a valid spouse visa obtained by his U.S. citizen wife.

sustained the IJ's decision denying adjustment of status and denied Lakhavani's CAT application as untimely.

In addition to appealing the IJ's denial, Lakhavani filed a motion to remand for consideration of additional evidence and for consideration of his application for withholding of removal under the CAT. The BIA dismissed the appeal and denied the motion to remand. Lakhavani then filed a motion to reopen or reconsider his case. The BIA denied Lakhavani's motion to reopen or reconsider his case. Lakhavani appeals the BIA's decisions.

## II. DISCUSSION

Lakhavani argues that the BIA erred by finding his claims for withholding of removal under the Immigration and Nationality Act ("INA") and the CAT to be untimely and by failing to follow the proper legal standards for reviewing those claims. The Government moves to dismiss Lakhavani's claims for lack of jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(C), this Court does not have jurisdiction to review orders of removal based on the petitioner's criminal history. In 2005, Congress amended § 1252 to permit judicial review of "constitutional claims or questions of law." REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302 (codified at 8 U.S.C. § 1252(a)(2)(D)). We lack jurisdiction to review Lakhavani's claims unless they raise legal or constitutional questions. In addition, "we lack jurisdiction over petitions for review concerning the discretionary denial of relief under 8 U.S.C. § 1255," the statute governing adjustment of status. Hadwani v. Gonzales, 445 F.3d 798, 800 (5th Cir. 2006).

A.    Withholding of Removal

Lakhavani argues that the BIA used an incorrect legal standard when it denied his petition for withholding of removal. Lakhavani argues that withholding removal was proper under both the CAT and the INA. Because

Lakhavani raises his claim regarding withholding of removal under the INA for the first time in this petition, this Court lacks jurisdiction to consider that claim. See Wang v. Ashcroft, 260 F.3d 448, 452–53 (5th Cir. 2001).

The Government argues that this Court lacks jurisdiction to consider Lakhavani's CAT claim under 8 U.S.C. § 1252(a)(2)(C) because his challenge to the IJ's determination that he waived his CAT claim is not a question of law or a constitutional question. We pretermit the jurisdictional question regarding the timeliness of Lakhavani's CAT claim because we conclude that Lakhavani has failed to show that the IJ erred in determining that Lakhavani waived his opportunity to file an application for CAT relief. See Madriz-Alvarado v. Ashcroft, 383 F.3d 321, 327–28 (5th Cir. 2004) (pretermitting the question of this Court's jurisdiction under 8 U.S.C. § 1252(a)(2)(C) because relief was properly denied on the merits).

Under 8 C.F.R. § 1003.31, "[i]f an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." Other circuits have held that petitioners can waive CAT or asylum claims by failing to raise them at the time designated by the IJ under 8 C.F.R. § 1003.31. Alsamhouri v. Gonzales, 484 F.3d 117, 122–24 (1st Cir. 2007); Rageevan v. U.S. Attorney Gen., 151 F. App'x 751, 753–56 (11th Cir. 2005); Hassan v. Gonzales, 152 F. App'x 177, 180–81 (3rd Cir. 2005). The IJ gave Lakhavani the opportunity to file an application for withholding at his April 2002 hearing, and he failed to do so. The BIA correctly affirmed the IJ's decision denying Lakhavani leave to file an untimely application for withholding of removal.

B.    Motion To Reopen or Remand

Lakhavani also contends that the BIA erred by denying his motion to reopen or remand to consider his claim for withholding of removal based upon

changed circumstances. A motion to reopen may be filed in order to apply or reapply for withholding of deportation based on changed circumstances arising in the country of nationality if evidence of those changed circumstances is "material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Lakhavani asserts that he did not present evidence regarding Pakistan at his hearing because he did not believe he would be removed from the United States. He alleges that, after his adjustment of status application was denied, the possibility of his removal to Pakistan "became real" and constituted "a complete change of circumstances." Because a change of circumstances in Lakhavani's mindset does not meet the requirements set forth in § 1003.2(c)(3)(ii), his argument that the BIA should have granted his motion to reopen or remand on this basis is without merit.

## C. State-Created Danger

Lakhavani contends that the denial of his withholding of removal claim will result in his removal to a country where he will face torture, and that this fact constitutes a state-created danger, thereby violating his due process rights. This is a constitutional question and we have jurisdiction to consider it under 8 U.S.C. § 1252(a)(2)(D). Other circuits that have considered this issue have concluded that an alien does not have a constitutional due process right not to be removed from the United States and that the application of the state-created danger doctrine in the immigration context would overstep the judiciary's defined constitutional role. See Enwonwu v. Gonzales, 438 F.3d 22, 29–31 (1st Cir. 2006); Kamara v. Attorney Gen., 420 F.3d 202, 217–18 (3d Cir. 2005). This Court considered a criminal alien's state-created danger claim in Guerra v. Gonzales, 138 F. App'x 697, 699–700 (5th Cir. 2005). In its unpublished and non-binding decision, this Court noted that "[the Fifth Circuit] has also not applied the state created danger rule in the immigration context" and held that,

6

even if the state-created danger doctrine were found to be applicable to immigration cases, it would not apply under the facts before it because the petitioner had failed to establish that he faced an increased risk of harm if he were deported. Id.

Lakhavani invokes the state-created danger doctrine in order to obtain this Court's review of his untimely CAT claim. We do not reach the constitutional question, however, because Lakhavani's argument is a challenge to his final order of removal that is merely "cloaked in constitutional garb," and this Court lacks jurisdiction to consider it. Hadwani, 445 F.3d at 800–01.

D. Other Claims

Lakhavani argues that the BIA utilized the incorrect legal standard when reviewing his adjustment of status claim. Although he couches this claim in legal terms, he is actually requesting this Court to revisit the BIA's factual determination with regard to his eligibility. This Court lacks jurisdiction to consider Lakhavani's argument that the BIA utilized an incorrect legal standard when reviewing his adjustment of status claim because it does not raise a true question of law. See Delgado-Reynua v. Gonzales, 450 F.3d 596, 599–600 (5th Cir. 2006).

Lakhavani also challenges the BIA's failure to address allegedly improper medical and psychological findings made by the IJ. Lakhavani argues that the IJ improperly diagnosed him as an alcoholic and based his decision on this ground. We pretermit the 8 U.S.C. § 1252(a)(2)(D) jurisdictional question over that argument because Lakhavani has not shown that he is entitled to relief on that ground. See Madriz-Alvarado, 383 F.3d at 327–28. This Court will not reverse an IJ's credibility determination unless the evidence compels it. Zhao v. Gonzales, 404 F.3d 295, 306 (5th Cir. 2005). A review of the hearing transcripts reveals that the IJ cited Lakhavani's criminal history when considering whether

to exercise his discretion to deny Lakhavani's application for adjustment of status. In his final statement, the IJ also found that Lakhavani's "alcohol problem" justified withholding of removal. Lakhavani, however, put his alcohol use at issue when he testified that his past criminal behavior was all alcohol-related and that his recent involvement with Alcoholics Anonymous (which the court found to be sporadic) showed his commitment to sobriety. Pretermitting the jurisdictional question, Lakhavani has not shown that the evidence at his hearing compels a conclusion different than that reached by the IJ. Madriz-Alvarado, 383 F.3d at 327–28.

Lakhavani finally argues that the BIA violated his due process rights by failing to conduct an adequate review of his claims and by depriving him of the opportunity to file a CAT claim. As stated previously, the BIA properly held that Lakhavani waived his opportunity to file an application for CAT relief. Moreover, because Lakhavani does not have a due process right to discretionary relief, this Court lacks jurisdiction to consider his argument in relation to his application for adjustment of status. See Ahmed v. Gonzales, 447 F.3d 433, 440 (5th Cir. 2006).

## III. CONCLUSION

The respondent's motion to dismiss is GRANTED in part and DENIED in part. Lakhavani's petition for review is DENIED.