# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2010

No. 08-61111

Lyle W. Cayce
Clerk

GRACIELA ZAMORA-VALLEJO,

Petitioner,

v.

ERIC H. HOLDER JR., United States Attorney General,

Respondent.

On Petition for Review of a Reinstated
Order of Removal of an Immigration Judge
Agency No. A090-944-085

Before KING, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

In this immigration case, petitioner Graciela Zamora-Vallejo challenges a November 18, 2008 order, issued by the Department of Homeland Security (DHS), reinstating her March 5, 1999 removal order pursuant to § 241(a)(5) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(5). Zamora-Vallejo argues that the reinstatement of the order without a hearing violated her right to due process and that there was no proof that she had been previously

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 08-61111

ordered removed from the United States.  For the following reasons, we deny her petition for review.

## I. FACTUAL BACKGROUND

Zamora-Vallejo is a native and citizen of Mexico who entered the United States without inspection in January of 1977 and became a lawful permanent resident in November of 1991.  On November 14, 1997, Zamora-Vallejo was convicted of conspiracy to transport undocumented aliens within the United States.  In June of 1998, the Immigration and Naturalization Service (INS) issued a Notice to Appear, charging Zamora-Vallejo with being removable under § 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony.

The government contends that Zamora-Vallejo was removed on March 9, 1999 in accordance with a March 5, 1999 order of removal issued by an Immigration Judge (IJ) sitting in San Francisco, California.  According to the government, Zamora-Vallejo subsequently reentered the United States illegally sometime in March of 1999.  Zamora-Vallejo argues that the original copy of the removal order contains no date and no name and that there is no proof that she was ever ordered removed.  She also contends that she applied for reentry in Hidalgo, Texas on June 4, 2004 and received permission from the DHS to enter the United States in the form of a stamp on her passport indicating that she had been "processed for I-551" as a lawful permanent resident.  The government denies that Zamora-Vallejo has ever received such permission.

## II. PROCEDURAL HISTORY

On November 14, 2008, the DHS interviewed Zamora-Vallejo in a Texas jail where she was incarcerated for a traffic offense.  The DHS then issued Zamora-Vallejo a "Notice of Intent/Decision to Reinstate Prior Order" and informed her that it would reinstate the 1999 removal order. *Cf.* 8 U.S.C. § 1231(a)(5) (reinstatement of removal orders against aliens reentering illegally);

2

No. 08-61111

8 C.F.R. § 241.8.  The form advised Zamora-Vallejo that she could contest the reinstatement order by making an oral or written statement to the immigration officer.  She declined to make any statement and refused to sign the form.  Zamora-Vallejo filed a timely petition for review with this court.

## III. ANALYSIS

We have jurisdiction to review the 2008 reinstatement order but not the underlying 1999 order of removal.  *See* 8 U.S.C. § 1231(a)(5) (providing that a "prior order of removal . . . is not subject to being reopened or reviewed"); *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 294–95 (5th Cir. 2002).[1]  The government contends that Zamora-Vallejo had failed to exhaust her administrative remedies under the INA because she did not raise an objection to her reinstatement before the immigration officer.  Because we find that Zamora-Vallejo cannot prevail on the merits of her petition, we pretermit this jurisdictional question.  *See Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 327-28 (5th Cir. 2004) (pretermitting jurisdictional question where collateral attack on the removal order could be denied on the merits).

---

[1] However, we have observed, in the context of a collateral attack on a reinstated removal order, that the limit on our jurisdiction set forth in § 1231(a)(5) does not bar review in cases challenging an underlying removal order on constitutional or other legal grounds. *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513-14 (5th Cir. 2006); *see also* 8 U.S.C. § 1252(a)(2)(D). Zamora-Vallejo urges us to review the 1999 removal order under *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987).  In *Mendoza-Lopez*, the Supreme Court held that in cases "where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense." *Id.* at 838 (footnote omitted). Zamora-Vallejo's citation to *Mendoza-Lopez* is unavailing because a proceeding under § 1231(a)(5) does not involve a criminal sanction for an illegal reentry but merely the reinstatement of a prior removal order. *See Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 44 (2006). Furthermore, Zamora-Vallejo presents only conclusory arguments that the 1999 order was "defective" and violated her due-process rights. These arguments have not been properly briefed and are therefore waived. *McIntosh v. Partridge*, 540 F.3d 315, 325 n.12 (5th Cir. 2008) (citation omitted).

## A. The Prior Removal Order

Zamora-Vallejo contends that the administrative record does not contain sufficient proof that she was subject to a prior deportation order, a requirement for reinstatement of a removal order under § 1231(a)(5). *See* 8 C.F.R. § 241.8(a). She bases this argument on the fact that the copy of the March 5, 1999 removal order that was included in the original administrative record appears to be unsigned and does not include her name.

The government concedes that the copy is of extremely poor quality and has filed a legible copy along with a motion to supplement the administrative record, which the clerk of the court has granted. The new copy clearly indicates that Zamora-Vallejo is the alien subject to the March 5, 1999 order and that the order was properly signed by an IJ. Therefore, we find no reversible error. *See Mireles-Zapata v. Ridge*, 76 F. App'x 546, 547 (5th Cir. 2003) (unpublished) (finding no reversible error with respect to an alien's claim that the administrative record did not contain a copy of the removal order after the government supplemented the record with a copy).

## B. The I-551 Stamp

Zamora-Vallejo next argues that she received a stamp on her passport stating "I-551 Temporary Evidence of Lawful Admission for Permanent Residence," which establishes that she lawfully entered the country in 2004. The government argues that the document is outside of the administrative record and therefore not properly before us. We agree. "It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside the administrative record." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 n.15 (5th Cir. 2001) (citation omitted). We do not sit "as an administrative agency for the purpose of fact-finding in the first instance." *Yahkpua v. Immigration and Naturalization Serv.*, 770 F.2d 1317, 1320 (5th Cir. 1985) (citation omitted). As

No. 08-61111

Zamora-Vallejo has made no motion to supplement the administrative record with the I-551 stamp, we will not consider it.[2]

Even if we were to consider this document, it is far from certain that it would have had any impact on the decision to reinstate her removal order. As the government emphasizes in its brief, the name on the passport is "Zamora-*Ballejo*," which raises the question of whether this document does in fact belong to Zamora-Vallejo. In order to obtain this stamp, Zamora-Vallejo must have claimed that she was eligible to obtain an I-551 Lawful Permanent Resident card, but her removal in 1999 rendered her ineligible to receive this card. *See* 8 C.F.R. § 1.1(p) (providing that lawful permanent resident status "terminates upon entry of a final administrative order of exclusion, deportation, or removal"). Assuming that Zamora-Vallejo had received this stamp through the error of the DHS—as opposed to fraud—her reentry was not lawful under § 1231(a)(5). *See United States v. Trevino-Martinez*, 86 F.3d 65, 67 (5th Cir. 1996) (affirming the conviction, under the criminal reentry statute, 8 U.S.C. § 1326, of an alien who had obtained a visa from the United States Consulate despite having been previously deported); *United States v. Leon-Leon*, 35 F.3d 1428, 1430 (9th Cir. 1994) (affirming the conviction for illegal reentry of an alien who had illegally reentered the United States with a previously issued lawful permanent

---

[2] Because we conclude that Zamora-Vallejo has failed to demonstrate actual prejudice with respect to her due-process claim, we decline to reach the question of whether, in appeals from reinstatement orders, due process requires us to consider material that is not part of the administrative record. However, we note that the Sixth and the Ninth Circuits have expressed concern that, because § 1231(a)(5) does not give aliens a right to place evidence into the administrative record, a court may have almost no record to review if the alien contests one of the predicates for removal. *Bejjani v. Immigration and Naturalization Serv.*, 271 F.3d 670, 675–76 (6th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales,* 548 U.S. 30, 36 n.5 (2006); *Castro-Cortez v. Immigration and Naturalization Serv,* 239 F.3d 1037, 1049–50 (9th Cir. 2001)*, abrogated on other grounds by Fernandez-Vargas,* 548 U.S. at 36 n.5; *see also Gomez-Chavez v. Perryman*, 308 F.3d 796, 802 (7th Cir. 2002) (reserving the question of "what kind of procedures" would be "necessary" for an alien who challenges the factual basis for reinstatement).

No. 08-61111

residence card). Section 1231(a)(5) applies to any alien found to have "reentered the United States illegally"; there is no qualifying language restricting reinstatement to only those aliens who enter illegally without inspection. *Id.*

**C. Due-Process Claim**

Zamora-Vallejo claims that the reinstatement proceedings violated her right to due process because she was not granted a hearing before an IJ. We review due-process challenges de novo. *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004). An alien seeking to challenge removal proceedings on due-process grounds must make "an initial showing of substantial prejudice." *Anwar v. Immigration & Naturalization Serv.*, 116 F.3d 140, 144 (5th Cir. 1997) (citation omitted). Zamora-Vallejo contends that the removal order would not have been reinstated if she had been allowed to submit the I-551 stamp as evidence of her lawful entry. We are hard pressed to see how Zamora-Vallejo can assert that the reinstatement proceedings did not allow her to present this evidence when she made no attempt to do so before her hearing officer. *See Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008) ("[W]e now hold that when an alien declines to challenge at the agency level the findings that support reinstatement of a prior order of removal, [she] has no grounds to complain in court that the reinstatement procedures deprived [her] of the due process of law.").

Zamora-Vallejo also argues that her due-process rights were violated because she was denied the opportunity to obtain discretionary waiver of removal, which was formerly available under § 212(c) of the INA. This argument is unavailing. In order to prevail on a due-process claim, an alien must demonstrate that she has been denied a liberty or property interest warranting due-process protection. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006). We have held that an alien does not have a due-process right to a discretionary waiver of removal. *United States v. Lopez-Ortiz*, 313 F.3d 225, 231

6

No. 08-61111

(5th Cir. 2002) ("[Section] 212(c) relief, because it is available within the broad discretion of the Attorney General, is not a right protected by due process."); *see also Nguyen v. Dist. Dir., Bureau of Immigration & Customs Enforcement*, 400 F.3d 255, 259 (5th Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.