**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2011

No. 10-60215
Summary Calendar

Lyle W. Cayce
Clerk

JOSE ALCIDES QUINTANILLA-ZELAYA, also known as Jose Alcides Zelaya,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 127 724

Before GARWOOD, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Alcides Quintanilla-Zelaya (Quintanilla), a native and citizen of El Salvador, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) denying his application for adjustment of status as untimely and denying a continuance to seek alternative forms of relief. Quintanilla asserts that he did not abandon his adjustment application and that he has shown good cause for a continuance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We generally review only the BIA's decision except to the extent that the immigration judge's (IJ) decision influences the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We lack jurisdiction to review the denial of Quintanilla's requests for relief because he is removable for having committed at least two separate criminal offenses involving moral turpitude. *See* 8 U.S.C. §§ 1227(a)(2)(A)(i), (ii) and 1252(a)(2)(C); *Balogun v. Ashcroft*, 270 F.3d 274, 277-78 & n.10 (5th Cir. 2001).

Although we are not precluded from reviewing claims raising constitutional or purely legal questions, *see* § 1252(a)(2)(D), Quintanilla's assertion that the BIA violated his due process rights by affirming the IJ's denial of a continuance "does not present a constitutional claim or issue of law that this court has jurisdiction to consider." *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010).

Quintanilla does raise one issue that arguably presents a question of law–that the IJ and BIA applied the wrong legal standard in finding that he had failed to establish prima facie evidence of entitlement to an adjustment of status. *Martinez v. Mukasey*, 519 F.3d 532, 546 (5th Cir. 2008) (accepting jurisdiction to interpret INA § 212(h) and holding that "for aliens who adjust post-entry to [lawful permanent resident] status, § 212(h)'s plain language demonstrates unambiguously Congress' intent *not* to bar them from *seeking* a waiver of inadmissibility" despite conviction of an aggravated felony); *but see Lakhavani v. Mukasey*, 255 Fed. App'x 819, 823-24 (5th Cir. 2007) (unpublished) ("Although [petitioner] couches this claim [that the BIA used the wrong legal standard] in legal terms, he is actually requesting this Court to revist the BIA's factual determination with regard to his eligibility").

We need not reach this issue, however, because the BIA denied Quintanilla's request for a continuance on discretionary grounds, which we lack jurisdiction to review. 8 U.S.C. § 1252(a)(2)(B). *Ogunfuye*. Namely, the BIA found, in its discretion, that Quintanilla had abandoned his opportunity to seek

an adjustment by failing to file a timely application for adjustment of status, and furthermore had failed to identify good cause for a continuance because he had not provided satisfactory explanation for his failure to file the timely application and had not even filed a visa petition– a prerequisite to adjustment of status– in a timely manner.

Accordingly, Quintanilla's petition for review is

DISMISSED FOR LACK OF JURISDICTION.