# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2013

Lyle W. Cayce
Clerk

No. 12-60748
Summary Calendar

IVAN RIVERA ALEMAN, also known as Ivan Alejandro River Aleman,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 941 138

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ivan Rivera Aleman, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of the immigration judge's (IJ) order that, *inter alia*, he was not eligible for cancellation of removal. The IJ based that ruling on Aleman's conviction for a crime involving moral turpitude for which a sentence of more than one year in prison could be imposed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60748

Aleman contends his prior conviction does not bar his eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C), which provides that a nonpermanent resident may be eligible for cancellation of removal if he has not been convicted of an offense under three statutes, including 8 U.S.C. § 1227(a)(2) (deportable criminal offenses).  Aleman claims: § 1229b(b)(1)(C) should be interpreted to include all of the immigration-related elements in the three statutes; and the BIA improperly concluded only language regarding the criminal offense determines whether an offense is "under" one of the three statutes.  Aleman additionally asserts the BIA's construction of § 1229b(b)(1)(C) has an impermissible retroactive effect.  To the extent that Aleman raised other claims in the immigration proceedings, he has abandoned them by not presenting them in his petition for review.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The Government claims we lack jurisdiction to review Aleman's petition because he failed to exhaust administrative remedies with respect to his appellate issues.  The Government alternatively maintains Aleman's claims lack merit and are effectively foreclosed by this court's precedent.  We pretermit any jurisdictional concerns because Aleman's claims lack merit.  *See Zamora-Vallejo v. Holder*, 378 F. App'x 386, 389 (5th Cir. 2010); *Lakhavani v. Mukasey*, 255 F. App'x 819, 822 (5th Cir. 2007); *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 327-28 (5th Cir. 2004).

The BIA's legal conclusions are reviewed *de novo* "unless a conclusion embodies the [BIA]'s interpretation of an ambiguous provision of a statute that it administers".  *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).  Such a conclusion is entitled to deference.  *Chevron U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844 (1984).

The first, well-known step in interpreting a statute is to determine whether Congress has directly spoken to the question at issue.  *Id.* at 842.  If so,

we, as well as the agency, must give effect to the unambiguously expressed intent of Congress. *Id.* at 842-43. As is also well established, if an unambiguous answer is not found, we must determine whether the agency's interpretation is based on a permissible construction of the statute. *Id.* at 843. And, when deciding the permissibility of an agency's interpretation, we must consider "only whether the decision is arbitrary, capricious, or manifestly contrary to the statute". *Khalid v. Holder*, 655 F.3d 363, 366-67 (5th Cir. 2011) (internal quotation marks and citation omitted).

Previously, our court has rejected contentions virtually identical to those made by Aleman. *Nino v. Holder* held the plain language of § 1229b(b)(1)(C) unambiguously refers to the elements of the offenses set forth in the three statutes and does not refer to any aspects of immigration law. 690 F.3d 691, 697-98 (5th Cir. 2012) (concluding § 1227(a)(2) provides "a list of the kinds of offenses which bar cancellation of removal" and "it does not matter when the offense occurred in relation to the alien's admission"). Furthermore, because *Nino* held there was an unequivocal answer to the meaning of § 1229b(b)(1)(C), our court declined in *Nino* to engage in additional *Chevron* analysis and consider the BIA's construction of the statute. *Id.* at 698.

In the light of our holding in *Nino*, Aleman's contentions that §1229b(b)(1)(C) should be read to include aspects of immigration law and that the BIA wrongly interpreted the statute by reaching a contrary determination are effectively foreclosed. Similarly, his claim he should not be subject to the BIA's construction of § 1229b(b)(1)(C) because such a construction conflicts with the BIA's prior decisions and is impermissibly retroactive is unavailing, given the holding in *Nino* that the plain language of § 1229b(b)(1)(C) is unambiguous. *See id.* To the extent Aleman contends *Nino* should be ignored or overturned, it goes without saying that a panel of this court may not overrule the holding in an earlier opinion of this court, absent an intervening change in law or an *en*

*banc* or Supreme Court decision. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

DENIED.