Jorge A. **CHAVEZ**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, A.D. Moyer, District Director, Defendant.**

No. 92 C 7654.

United States District Court,
N.D. Illinois, E.D.

May 25, 1993.

Gary Sternberg, Kurt H. Yahn, Sternberg & Associates, Chicago, IL, for petitioner.

James G. Hoofnagle, U.S. Attorney's Office, Chicago, IL, for respondent.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Jorge A. Chavez ("Chavez") filed an application for naturalization with

the Immigration and Naturalization Service ("INS") almost two years ago. After nearly a year had passed without a decision by the INS, Chavez filed a complaint with this Court under 8 U.S.C. § 1447(b), asking us to grant his application. On December 22, 1992, we remanded the application to the INS with instructions to adjudicate the matter within sixty days.

On January 11, 1993, the INS took the first step in instituting deportation proceedings against Chavez by issuing an order to show cause against Chavez, along with a notice of hearing. Just over a month later, and before the sixty days elapsed, the INS denied Chavez' application for naturalization on the grounds that, by law, the agency could not consider the application of a person against whom deportation proceedings were pending.[1] Later still, the order to show cause was served on the Immigration Judge.

Chavez now seeks to reinstate his complaint in this Court, arguing that the denial of his application is not grounded in law or fact, and that the INS has effectively circumvented our order to adjudicate his application within sixty days. Specifically, Chavez contends that he was not the subject of deportation hearings at the time the INS denied his application. Chavez relies on 8 C.F.R. 3.14(a), which provides that deportation proceedings do not commence until an order to show cause is filed with the Office of the Immigration Judge. In this case, the order was not filed with the Immigration Judge until after Chavez' application was denied.

The INS disputes Chavez' contentions, arguing that under 8 U.S.C. § 1429, it is the date on which the order to show cause is issued which determines an applicant's eligibility for naturalization, not the date on which the order is filed with the Immigration Judge. The agency goes on to maintain that in any event, Chavez may not seek judicial review of the denial until he has exhausted his administrative remedies. *See* 8 U.S.C. § 1421(c) ("A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such a person resides...."). Because Chavez has not sought a hearing before an immigration officer, as provided in 8 U.S.C. § 1447(a), the government contends that he cannot properly seek judicial review at this time.[2]

In response, Chavez argues that he need not exhaust his administrative remedies in this instance, because this Court already has jurisdiction under § 1447(b) to hear his complaint and to ensure that our previous order was carried out. Because we cannot determine whether Chavez' application was "adjudicated," as instructed, without reaching the merits of the decision, Chavez is essentially asking us to review the INS' denial without the benefit of a hearing before an immigration officer. We cannot agree with Chavez, however, that the legislature ever intended § 1447(b) to permit a district court to circumvent the appeals process provided for by statute. Accordingly, we deny petitioner's motion to reinstate his complaint.[3] It is so ordered.

---

1. 8 U.S.C. § 1429 provides, in relevant part:

   ... no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act.

   Additionally, 8 C.F.R. § 318 provides that for the purposes of § 1429, an order to show cause shall be regarded as a warrant of arrest.

2. 8 U.S.C. § 1447(a) provides:

   If, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer.

3. This ruling does not deprive Chavez of judicial review of the denial, it merely guarantees that the statutory review process is followed.