# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2010

Lyle W. Cayce
Clerk

No. 09-60074

JULIANA ADENIKE OGUNFUYE,

                            Petitioner

v.

ERIC H HOLDER, JR, US ATTORNEY GENERAL,

                            Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals

Before GARWOOD, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Juliana Adenike Ogunfuye petitions for review of a final order of removal entered by the Board of Immigration Appeals ("BIA"). The BIA's order affirmed the Immigration Judge's ("IJ") decision to deny her motion for a continuance and dismiss Ogunfuye's claims for relief from removal as abandoned because she failed to supply biometric information in compliance with the IJ's order. On appeal, Ogunfuye argues that the IJ did not give her proper notice that she needed to submit biometrics as required by 8 C.F.R. § 1003.47(d). She asserts that the lack of notice resulted in the dismissal of her applications for relief in violation of her due process rights. She further contends that the IJ erred by not

No. 08-10092

granting her a continuance to submit biometrics.  Finally, Ogunfuye argues that the IJ erroneously determined that it could not make a *prima facie* adjudication of her naturalization eligibility.  We affirm.

## FACTS AND PROCEEDINGS

Ogunfuye, a Nigerian citizen and lawful permanent resident of the United States, was found to be removable on account of her theft and forgery convictions, which the IJ determined to be aggravated felonies.  The IJ granted her several continuances to seek various forms of relief from removal, including withholding of removal, waiver of inadmissiblity, and termination of removal proceedings due to *prima facie* eligibility for naturalization.  The proceedings were drawn out over three years and ten immigration court hearings.[1]  At two of these hearings, the presiding IJ determined that it did not have authority to adjudicate whether Ogunfuye was *prima facie* eligible for naturalization.  During her penultimate hearing, when Ogunfuye was present in court, the IJ asked whether Ogunfuye needed to submit fingerprints to the Department of Homeland Security ("DHS") and Ogunfuye's counsel answered affirmatively.  In a subsequent written order granting Ogunfuye's request for a continuance, dated March 26, 2007, the IJ directed Ogunfuye to submit current fingerprints on pain of dismissal and indicated that no further continuances would be granted.[2]

At her final hearing, Ogunfuye's counsel conceded that Ogunfuye had not submitted biometrics in compliance with the IJ's order.  Counsel attributed the failure to submit biometrics to an "office mistake" where she "had to let someone

---

[1]  The procedural history of this case and the related proceedings is lengthy and involves another appeal by Ogunfuye to this court that was unsuccessful.  *See Ogunfuye v. Acosta*, 210 F. App'x 364 (5th Cir. 2006) (unpublished).  Only those proceedings relevant to this appeal are discussed.

[2]  The order stated: "It is FURTHER ORDERED that Respondent must make sure that her biometric information is current and/or that a request for updated fingerprints is filed as soon as possible;  It is FURTHER ORDERED that failure to complete any of the aforementioned steps will be treated by this Court as an abandonment of relief . . . ."

go for not following up on things as they should've been." Counsel explained that she did not realize that Ogunfuye's biometrics had not been submitted because the "files are so big." Ogunfuye requested a continuance to obtain biometrics, which the IJ denied. The IJ then dismissed Ogunfuye's applications for relief as abandoned because Ogunfuye had not shown good cause for her failure to comply with the IJ's order. *See* 8 C.F.R. § 1003.47(d). The BIA affirmed.

## STANDARD OF REVIEW

The court reviews the BIA's decision and "only consider[s] the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The BIA's conclusions of law are reviewed *de novo*, *Romero-Rodriguez v. Gonzales*, 488 F.3d 672, 675 (5th Cir. 2007), though the court gives *Chevron* deference to the BIA's interpretation of ambiguous immigration statutes and similar deference to its interpretation of immigration regulations, *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

## DISCUSSION

*1.    Finding of Abandonment and Denial of a Continuance*

Ogunfuye first challenges the BIA's order affirming the IJ's finding that she abandoned her applications for relief, and dismissing her claims. Applicants for certain kinds of relief from removal, including the relief requested by Ogunfuye, are required to submit biometric information such as fingerprints so that DHS can verify the applicant's identity and conduct a security investigation. *See* 8 C.F.R. § 1003.47(a), (b). The applicant abandons an application for relief and may suffer dismissal for failure to submit biometrics. *Id.* § 1003.47(c). Ogunfuye's argument on appeal centers around whether the IJ gave her proper notice of the biometrics requirement under 8 C.F.R. § 1003.47(d). That provision requires DHS and the IJ to notify the applicant of the biometrics requirement "[a]t any hearing at which a respondent expresses an intention to file or files an application for relief for which identity, law

3

enforcement, or security investigations or examinations are required." *Id.* § 1003.47(d). "DHS shall notify the respondent of the need to provide biometrics and other biographical information and shall provide a biometrics notice and instructions to the respondent for such procedures." *Id.* Pertinent to this appeal, the IJ is required to "specify for the record when the respondent receives the biometrics notice and instructions and the consequences for failing to comply with the requirements of this section." *Id.*

Ogunfuye correctly points out that the IJ did not comply with its notice obligations under the regulation. Although the record contains several exchanges between the IJ and Ogunfuye's counsel that demonstrate counsel's awareness of the biometrics requirement, the required record statements at a hearing that Ogunfuye received the biometrics notice from DHS and that her applications would be deemed abandoned if she did not submit her biometrics are absent.[3]

The consequences of this defect are another matter. Ogunfuye's main argument is that the IJ's failure to comply with § 1003.47(d) violated her right to due process of law. Problematically, Ogunfuye makes this argument in the face of uncontroverted evidence that her counsel received actual notice of the

---

[3] Ogunfuye also faults the IJ for mailing its order requiring biometrics compliance to counsel, rather than to her. The argument ignores that Ogunfuye's freely retained counsel acts as her agent, and that she "is deemed bound by the acts of [her] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (quotation omitted); *see Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 709 (5th Cir. 1994) (citing *Link*). Further, her argument is contradicted by the regulations themselves, which require that notice be given to counsel when an alien is represented. *See* 8 C.F.R. § 1292.5(a). Any notice to Ogunfuye's counsel counts as notice to her.

biometrics requirement in the IJ's March 26 written order.[4]  When pressed by the IJ about Ogunfuye's failure to submit fingerprints at her final immigration hearing, counsel did not attribute it to any defect in the notice given.  Counsel admitted that the error was due to an "office mistake" and complained that the "files are so big."  On this record, we cannot conclude that the outcome of Ogunfuye's proceeding would have been any different had she received proper notice because the admitted reason for her failure to submit biometrics—attorney neglect—had nothing to do with whether § 1003.47(d) was satisfied.  As a result, Ogunfuye has not demonstrated the "initial showing of substantial prejudice" necessary to prevail on her due process claim.  *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997); *see id.* (applicant must show that "he could make a strong showing in support of his application" in order to demonstrate substantial prejudice).

Because Ogunfuye is an aggravated felon, the court has no jurisdiction to reach her related argument that the lack of notice constituted "good cause" warranting a continuance.  Title 8, United States Code, section 1252(a)(2)(C) strips this court of jurisdiction to review a final order of removal entered against an alien convicted of certain criminal offenses, including aggravated felonies, subject to § 1252(a)(2)(D)'s exception for review of "constitutional claims" and "questions of law." Unlike her due process claim, Ogunfuye's argument that the IJ abused its discretion by not granting her a continuance does not present a constitutional claim or issue of law that this court has jurisdiction to consider. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328–30 (2d Cir. 2006); *see*

---

[4] That Ogunfuye's counsel received written notice of the biometrics requirement and the consequences of not submitting biometrics warrants a departure from the result reached by the Ninth Circuit in *Cui v. Mukasey*, 538 F.3d 1289 (9th Cir. 2008), which in any event is not a due process case but a decision that the IJ abused its discretion by not granting the petitioner a continuance to obtain biometrics.  As discussed below, 8 U.S.C. § 1252(a)(2)(C) prevents us from reaching the question whether the IJ abused its discretion in not granting a continuance here.

*also Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006) (holding that the denial of a motion to continue is reviewed for abuse of discretion). This court's decision in *Ahmed v. Gonzales*, holding that the denial of a motion to continue was not subject to a different jurisdiction-stripping provision, does not dictate otherwise. *See* 447 F.3d at 436–37 (discussing § 1252(a)(2)(B)). The *Ahmed* court had no occasion to discuss whether § 1252(a)(2)(C)'s broader jurisdiction-stripping provision applied because the petitioner had not committed one of the criminal offenses enumerated in that provision. As an aggravated felon, Ogunfuye is subject to § 1252(a)(2)(C), and she has not shown that her abuse of discretion claim is outside the scope of that provision.

2.    *Authority to Determine* Prima Facie *Naturalization Eligibility*

On two occasions, the IJ held that it did not have authority to determine whether Ogunfuye was *prima facie* eligible for naturalization and therefore denied Ogunfuye's applications for termination of removal proceedings under 8 C.F.R. § 1239.2(f).[5] In reaching its conclusion, the IJ was bound by the BIA's holding in *In re Hidalgo* that only DHS can make the *prima facie* determination. 24 I. & N. Dec. 103, 105 (BIA 2007). Ogunfuye now argues that *Hidalgo* is an arbitrary interpretation of the INA.

We disagree. The three circuit courts that have addressed whether an IJ has authority to determine *prima facie* naturalization eligibility have unanimously upheld *Hidalgo*'s interpretation of the INA. *See Zegrean v. Att'y Gen. of United States,* 602 F.3d 273, 274–75 (3d Cir. 2010); *Perriello v. Napolitano*, 579 F.3d 135, 142 (2d Cir. 2009); *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 933–34 (9th Cir. 2007). Although we have not directly

---

[5] "An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a . . . petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors . . . ."

No. 08-10092

confronted the issue, we cited *Hidalgo* with approval in holding that district courts do not have authority to determine *prima facie* naturalization eligibility. *See Saba-Bakare v. Chertoff*, 507 F.3d 337, 341 (5th Cir. 2007). In *Saba-Bakare*, the court suggested the outcome we reach today by stating that "only an affirmative communication from the USCIS may establish prima facie eligibility" for naturalization. *Id.* Ogunfuye presents no compelling reason to depart from the result suggested by *Saba-Bakare* and reached by our fellow circuits. We therefore join those circuits that have concluded that *Hidalgo* is not plainly erroneous or inconsistent with § 1239.2(f). Consequently, we hold that the IJ did not err in determining that it could not adjudicate Ogunfuye's *prima facie* eligibility for naturalization.

## CONCLUSION

For the reasons stated, the judgment of the BIA is AFFIRMED.