**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2311**

ALEX ALBERTO ACOSTA,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 18, 2011        Decided: April 29, 2011

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Mark A. Mancini, WASSERMAN, MANCINI AND CHANG, P.C., Washington, D.C., for Petitioner. Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Kerry A. Monaco, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alex Alberto Acosta, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision ordering him removed to Honduras. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including a crime of moral turpitude. Because Acosta conceded before the immigration court that he is an alien who was found removable for having been convicted of a crime of moral turpitude, a concession which he does not challenge on appeal, our review is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D); Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

In his brief before the court, Acosta first contends that the immigration judge abused his discretion in denying Acosta's motion for a continuance. Because Acosta merely challenges the immigration judge's factual determination that he was not entitled to a continuance, we conclude that his argument does not fall under the exception set forth in § 1252(a)(2)(D). See Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010)

2

("Ogunfuye's argument that the [immigration judge] abused its discretion by not granting her a continuance does not present a constitutional claim or issue of law that this court has jurisdiction to consider.").

Acosta also argues that the Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010), holding that "counsel must inform her client whether his plea carries a risk of deportation," may be applied retroactively to his case and contends that he is entitled to post-conviction relief in state court. Although Acosta raises a question of law, we conclude that it is not a colorable question of law as the argument is not relevant to Acosta's petition for review. See Barco-Sandoval v. Gonzales, 516 F.3d 35, 40-41 (2d Cir. 2008) (finding that a criminal alien must raise a colorable constitutional claim or question of law in order for a federal appellate court to have jurisdiction under § 1252(a)(2)(D)).

The Board's decision clearly indicates that it denied Acosta's request for a continuance on the ground that Acosta's conviction was final for immigration purposes, notwithstanding the fact that his motion for post-conviction relief remained pending in state court. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008) (collecting cases and holding that the pendency of post-conviction motions or other forms of collateral attack "does not vitiate finality, unless and until

3

the convictions are overturned as a result of the collateral motions"). Neither the Board nor the immigration judge based their decisions on the likelihood of Acosta's success in state court. Accordingly, the retroactivity of Padilla v. Kentucky is simply not at issue in this appeal.

Because Acosta has failed to raise a colorable constitutional claim or question of law, we find ourselves without jurisdiction to consider his claims and therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

4