**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3306
_____

EPIFANIO GREGORIO GERMAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-050-232)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: January 30, 2013)
_____

OPINION
_____

PER CURIAM

     Epifanio Gregorio German petitions for review of his final order of removal.  We

will deny the petition.

                                        I.

German is a citizen of the Dominican Republic and a lawful permanent resident of the United States. In 2001, he pleaded guilty to New Jersey state charges of possessing with the intent to distribute cocaine and heroin in violation of N.J. Stat. Ann. § 2C:35-5(a)(1). The Government charged him as removable for having been convicted of an aggravated felony and a controlled substance offense. See 8 U.S.C. §§ 1227(a)(2)(A)(iii) & (a)(2)(B)(i). Through counsel, German conceded both charges and applied for cancellation of removal. He also notified the Immigration Judge ("IJ") that he was seeking post-conviction relief from his convictions under Padilla v. Kentucky, 130 S. Ct. 1473 (2010). The IJ granted him four continuances for that reason and others before holding his merits hearing. German requested another continuance pending a hearing in his post-conviction matter, but the IJ denied it because she had granted several already and the outcome of German's collateral proceeding remained speculative. The IJ also sustained the charges of removability on the basis of both German's concession and the record of conviction. The IJ denied German's application for cancellation of removal because his conviction of an aggravated felony renders him ineligible for that relief. See 8 U.S.C. § 1229b(a)(3).

German appealed through the same counsel to the Board of Immigration Appeals ("BIA"). Despite having conceded the aggravated felony charge before the IJ, German argued on appeal that his convictions do not qualify. He also challenged the IJ's denial of an additional continuance and raised a due process claim based on the circumstances of his underlying criminal case and on equitable considerations. The BIA rejected

2

German's challenge to the aggravated felony charge on the grounds that his concession of that charge before the IJ is controlling in the absence of circumstances not presented here and that it does not consider arguments raised for the first time on appeal. The BIA also concluded that the IJ had not abused her discretion in denying an additional continuance or otherwise deprived German of due process. German petitions for review pro se.[1]

## II.

German raises three arguments on review, but each lacks merit. First, he argues that he was deprived of due process because, although he did not plead guilty to the crime of conspiracy under N.J. Stat. Ann. § 2C:5-2, a conspiracy charge was included in his notice to appear and improperly formed the basis for his removal. This argument is frivolous because German was neither charged with removability nor ordered removed on the basis of any conspiracy conviction. (A.R. 180.)

Second, German argues that his crimes of conviction do not qualify as aggravated felonies for a number of reasons. (He would remain removable for having been convicted of a controlled substance offense, but it is his conviction of an aggravated felony that renders him ineligible for cancellation of removal.) As German did before the BIA, however, he fails to acknowledge that he expressly conceded the aggravated felony charge before the IJ. (A.R. 102.) He also fails to acknowledge that the BIA deemed that

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). Our jurisdiction is limited to constitutional claims and questions of law because German has been convicted of a controlled substance offense (which he does not dispute) and an aggravated felony as discussed below. See 8 U.S.C. § 1252(a)(2)(C), (D). We review such claims and

3

concession controlling, and he thus has not challenged the actual basis for the BIA's decision. Even if we were to overlook these obstacles, however, German's convictions of possession with the intent to distribute cocaine and heroin clearly qualify as "illicit trafficking" aggravated felonies under the hypothetical federal felony approach. Cf. Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) (holding that 21 U.S.C. § 841(a)(1) "proscribes the identical conduct" of possession with intent to distribute under N.J. Stat. Ann. § 2C:35-5 but applying an exception relating to marijuana that does not apply here).

Finally, German argues that the IJ abused her discretion in denying his fourth request for a continuance. As the Government argues, we lack jurisdiction to review that discretionary decision because it does not present a constitutional claim or question of law. See Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010). German does not argue that the denial of another continuance deprived him of due process, and it did not because his convictions remain final for immigration purposes despite the pendency of his collateral attack, which he does not claim has been successful. See Paredes v. Att'y Gen., 528 F.3d 196, 198-90 (3d Cir. 2008).

For these reasons, we will deny his petition for review.

---

questions de novo. See Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012).