# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2013

No. 12-60297
Summary Calendar

Lyle W. Cayce
Clerk

JACOBO DELEON-GALLEGOS,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 192 011

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jacobo Deleon-Gallegos (Deleon), a citizen and native of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's final order of removal denying his request for a continuance. Deleon argues that the denial of his request for a continuance for the purpose of raising a collateral attack on his 2011 conviction pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010), violated his due process rights. He maintains that the BIA's ruling was clearly erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the failure to grant continuances to aliens seeking to raise such collateral attacks on their convictions renders the ruling in *Padilla* meaningless because, in the absence of continuances, no aliens would have time to raise *Padilla*-based challenges to their convictions before they are removed from the United States.

The immigration judge ruled that Deleon was removable from the United States because he had been convicted of an aggravated felony offense.  *See* 8 U.S.C. § 1227(a)(2)(A)(iii).  Deleon did not challenge that determination before the BIA, and he does not challenge it in this court.  Accordingly, we have jurisdiction to review only claims raising constitutional or purely legal questions.  *See* 8 U.S.C. § 1252(a)(2)(C), (D).  Although Deleon argues that the denial of a continuance violated his due process rights, the denial of a continuance in a case involving the jurisdiction-stripping provision of § 1252(a)(2)(C) "does not present a constitutional claim or issue of law that this court has jurisdiction to consider." *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010).  Therefore, we do not have jurisdiction to consider Deleon's petition for review.

PETITION FOR REVIEW DISMISSED.