# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2013

No. 13-60054
Summary Calendar

Lyle W. Cayce
Clerk

JENNSEY JOSUE ZARZUELA,

Petitioner

v.

ERIC H. HOLDER. JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 821 167

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

On September 13, 1994, at the age of 17, Jennsey Josue Zarzuela, a native and citizen of the Dominican Republic, entered the United States as a lawful permanent resident. After he pleaded guilty to conspiracy to possess MDMA with intent to distribute and possession of MDMA with intent to distribute in May 2004, the Department of Homeland Security charged that Zarzuela was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and (B)(i). Zarzuela seeks review of the Board of Immigration Appeals' decision dismissing his appeal of an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration Judge's denial of his claim to derivative citizenship through his adoptive father, Santos Martinez. Absent derivative citizenship, Zarzuela does not dispute that he is removable.

Although we generally have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal, Section 1252(a)(2)(C) deprives us of jurisdiction to review a final order of removal entered against an alien convicted of certain criminal offenses, including aggravated felonies such as Zarzuela's offenses. *See Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010). However, in such cases, we retain limited jurisdiction to review our own jurisdiction, constitutional claims, or questions of law. § 1252(a)(2)(D); *see Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554, 560-61 (5th Cir. 2006). The question of derivative citizenship is a legal issue that we review *de novo*. *Marquez-Marquez*, 455 F.3d at 554.

Currently, claims of derivative citizenship are governed by the Child Citizenship Act of 2000 (CCA), Pub. L. No. 106-395, 114 Stat. 1631, which took effect on February 27, 2001. ( codified as 8 U.S.C. § 1431); *see Marquez-Marquez*, 455 F.3d at 550 n.3. The CCA does not apply in this case because Zarzuela was over the age of eighteen when it took effect and it does not apply retroactively. *See Marquez-Marquez*, 455 F.3d at 550 n.3. Zarzuela must establish his claim of derivative citizenship under the immigration statutes in effect at the time he allegedly fulfilled the last requirement for derivative citizenship. *See Matter of Nwozuzu*, 24 I. & N. Dec. 609, 611 n.3 (BIA 2008).

Under the immigration statute applicable to Zarzuela, he cannot qualify for derivative citizenship unless he "[wa]s residing in the United States at the time of naturalization of [his] adoptive parent or parents, in the custody of his adoptive parent or parents, pursuant to a lawful admission for permanent residence." 8 U.S.C. § 1432(b) (West 1990). The undisputed evidence shows that Martinez became a naturalized citizen on May 7, 1993, prior to Zarzuela's admission to the United States for permanent residence. Zarzuela has not met his burden of showing that he meets the statutory requirements for derivative

No. 13-60054

citizenship. *Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394-95 (5th Cir. 2006).

Accordingly, the petition for review is DENIED.