# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60236
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2014

Lyle W. Cayce
Clerk

GANDHI BEN MORKA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 085 784

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gandhi Ben Morka petitions for review of the Board of Immigration Appeals's (BIA) decision affirming the Immigration Judge's (IJ) order denying him a change of venue and relief under the Convention Against Torture (CAT). He first contends that the BIA and IJ erred in admitting an uncertified criminal judgment to find that his prior conviction was an aggravated felony for purposes of determining whether he was removable. It is undisputed that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this document did not meet the authentication requirements of 8 U.S.C. § 1229a(c)(3)(B) and 8 C.F.R. § 1003.41(a).  However, Morka has not demonstrated that these requirements are mandatory or exclusive.  He has also not demonstrated that this document, which was printed from a website maintained by the federal Judiciary and accompanied by testimony from the officer who obtained it, rendered the hearing fundamentally unfair.  *See Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990).

Because Morka is removable for having committed an aggravated felony, we lack jurisdiction to review the final order of removal and retain jurisdiction only to review constitutional claims or questions of law.  *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1252(a)(2)(C), (D).  Morka contends that the IJ improperly denied his motion to change venue because he had erroneously labeled the motion as unopposed.  However, we lack jurisdiction to consider whether the IJ abused its discretion by denying the motion to change venue.  *See* § 1252(a)(2)(C); *Ogunfuye v. Holder*, 610 F.3d 303, 306 n.4 (5th Cir. 2010).  He contends further that the IJ deprived him of his rights to counsel and due process by denying his motion because he had counsel willing to represent him in another venue and was forced to proceed pro se.  Morka had no Sixth Amendment right to counsel.  *See Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).  The IJ granted Morka two continuances to obtain counsel. Accordingly, the proceedings were not fundamentally unfair in violation of due process under the Fifth Amendment.  *See id.* at 598-99.

Morka frames his challenge to the denial of CAT relief as whether the BIA and IJ applied the correct legal standards to evaluate his eligibility for CAT relief.  His arguments, however, challenge the BIA and IJ's factual and credibility determinations regarding whether he would be tortured if he was removed to Nigeria.  An alien cannot cloak his arguments in constitutional garb to avoid the jurisdiction-stripping provision of § 1252(a)(2)(C).  *Hadwani*

No. 13-60236

*v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006).  Morka's challenges to the BIA and IJ's weighing and consideration of the evidence do not raise constitutional or legal issues regarding the denial of CAT relief.  Accordingly, we lack jurisdiction to consider Morka's challenge to the denial of CAT relief.  *See* § 1252(a)(2)(C).

Last, Morka contends that his rights to due process and equal protection were violated because he was not advised of his right to contact the Nigerian Consulate as guaranteed by the Vienna Convention on Consular Relations.  Assuming, arguendo, that Morka's right under the Vienna Convention is protected by due process, Morka "has not shown that he suffered prejudice due to the IJ's failure to inform him of his right to contact the [Nigerian C]onsulate." *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 737 (5th Cir. 2005).  Morka did not present his equal protection claim to the BIA.  His failure to exhaust this claim before the BIA is a jurisdictional bar to our review of the issue.  *See* § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Morka's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.  Morka's incorporated motion for appointment of counsel is DENIED.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).