# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2014

Lyle W. Cayce
Clerk

No. 13-60714
Summary Calendar

JOSE RICARDO NAVARRO-HERNANDEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 819 268

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Navarro-Hernandez, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge's (IJ) decision ordering his removal pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) because he had been convicted of a crime involving moral turpitude and finding him ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h) (commonly referred to as a "§ 212(h) waiver"). Navarro-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60714

Hernandez has abandoned any argument challenging the BIA's discretionary denial of his application for a § 212(h) waiver by failing to adequately brief the issue. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (per curiam). The sole issue on appeal is whether the IJ erred by denying Navarro-Hernandez's request for a continuance.

Because Navarro-Hernandez is removable for having committed a crime involving moral turpitude, we lack jurisdiction to review the final order of removal and retain jurisdiction only to review constitutional claims or questions of law. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1252(a)(2)(C), (D). Navarro-Hernandez contends that the IJ deprived him of his due process rights by denying his motion to continue for the purpose of filing a medical examination report and hearing testimony from his wife. However, under the facts of this case, the decision to deny a motion for a continuance is not a constitutional claim or legal question that this court has jurisdiction to review. *See Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010).

Navarro-Hernandez frames his challenge to the denial of his request for a continuance as whether the IJ violated his due process rights. His arguments, however, challenge the IJ's discretionary determination regarding whether to grant or deny a continuance. Thus, it is not subject to review by this court. An alien cannot cloak his arguments in constitutional garb to avoid the strict jurisdiction-stripping provision of § 1252(a)(2)(C). *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (per curiam).

Navarro-Hernandez's petition for review is DISMISSED for lack of jurisdiction.