# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60916
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2015

Lyle W. Cayce
Clerk

ALICIA BRUMANT,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A045 171 891

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Petitioner, Alicia Brumant, a native and citizen of Dominica, seeks review of the Board of Immigration Appeals (BIA) order dismissing her appeal of an order of removal due to her prior conviction of a controlled substance offense. Brumant also petitions for review of the BIA's order denying her motion to reconsider. Our jurisdiction is limited to colorable constitutional issues and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C),(D) (providing that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

courts lack jurisdiction over final orders of removal against criminal aliens, except courts retain jurisdiction over constitutional claims or questions of law).

Brumant argues, in her initial and supplemental briefs, that the IJ and the BIA denied her due process by not considering and by not informing her of the apparent forms of relief available to her. Brumant did not raise this due process argument before the BIA in her appeal or in her motion to reconsider. This issue raises a procedural error that could have been corrected by the BIA. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001). Thus, Brumant has not exhausted her administrative remedies, and we do not have jurisdiction to consider this issue. *See* § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

In her supplemental brief addressing her motion to reconsider, Brumant argues that her due process rights were violated because she was denied a continuance to properly develop the record and proffer evidence that she has a case of prima facie eligibility for U.S. Citizenship by naturalization. She also asserts that she could have argued that she was not an arriving alien under *Vartelas v. Holder*, 132 S. Ct. 1479 (2012). In her motion to reconsider, Brumant did raise the issue of her potential eligibility for citizenship as a form of relief, and she asked the BIA to reconsider its decision and to remand the case to the IJ to allow her to properly request her relief options and to develop the record. Thus, this issue was exhausted by raising it in her motion to reconsider before the BIA. However, Brumant did not raise the arriving alien argument to the BIA, it is not exhausted, and we cannot consider it. *See* § 1252(d)(1); *Wang*, 260 F.3d at 452-53.

Whether Brumant was denied due process based on the BIA's refusal to continue her case for further consideration of her alleged claim to citizenship is a claim which we may address. The BIA considered Brumant's alleged

eligibility for naturalization and noted that it had no jurisdiction over applications for naturalization and saw no reason to terminate her removal proceedings on that basis because her conviction remained final for immigration purposes.  The BIA cited *Matter of Acosta Hidalgo*, 24 I & N Dec. 103 (BIA 2007), which held that neither the BIA nor the IJ had jurisdiction to determine an alien's prima facie eligibility for naturalization in order to terminate removal proceedings.  The BIA did not deny Brumant due process for denying her request to remand her case to the IJ for consideration of relief that neither the IJ nor the BIA have jurisdiction to consider.  *See Robertson-Dewar v. Holder*, 646 F.3d 226, 230-31 (5th Cir. 2011); *Ogunfuye v. Holder*, 610 F.3d 303, 307-08 (5th Cir. 2010).

Brumant argues that she was entitled to counsel in her immigration proceedings under the Sixth Amendment, if necessary one appointed by the Government, according to *Padilla v. Kentucky*, 559 U.S. 356 (2010).  She also contends that allowing her to proceed without counsel was a violation of due process under the Fifth Amendment.  We address these issues.

Examining these constitutional claims de novo, we note our longstanding authority that aliens in immigration proceedings have no Sixth Amendment right to counsel.  *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001); *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).  However, the absence of counsel could have deprived Brumant of due process under the Fifth Amendment "if the defect impinged upon the fundamental fairness of the hearing . . . and there was substantial prejudice."  *Ogbemudia*, 988 F.2d at 598 (internal quotation marks and citations omitted).   The IJ granted Brumant numerous continuances to obtain counsel, and the proceedings were not fundamentally unfair.  *See Ogbemudia*, 988 F.2d at 599.

No. 13-60916

Because we lack jurisdiction to review the final order of removal, and because Brumant has not raised any colorable constitutional claims, the petitions for review are dismissed. *See Alwan v. Ashcroft*, 388 F.3d 507, 515 (5th Cir. 2004).

DISMISSED.