# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60861
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2016

Lyle W. Cayce
Clerk

GIOVANNI JESUS AGUAYO ORTIZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 705 961

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Giovanni Jesus Aguayo Ortiz (Aguayo), a native and citizen of Mexico, petitions this court for review of a final administrative order of removal issued by the Department of Homeland Security (DHS) pursuant to the expedited removal proceedings set forth in 8 U.S.C. § 1228(b). Aguayo was ordered removed based on his 2014 conviction in Texas state court of forgery of a document issued by the United States government, which the DHS determined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60861

qualified as an aggravated felony conviction for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).  *See* TEX. PENAL CODE ANN. § 32.21(e).

We lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, including aggravated felonies.  8 U.S.C. § 1252(a)(2)(C).  However, we retain jurisdiction to consider "constitutional claims or questions of law raised upon a petition for review." § 1252(a)(2)(D).  In his petition for review, Aguayo argues that the DHS violated his due process rights.  Accordingly, we have jurisdiction to review his claims.  We will not consider the documents that Aguayo has included in his appendix to his appellate brief.  We must "decide the petition [for review] only on the administrative record on which the order of removal is based." § 1252(b)(4)(A).

Aliens in removal proceedings are entitled to the protection of the Fifth Amendment's Due Process Clause.  *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470 (5th Cir. 2005).  However, an alien cannot prevail on a due process claim unless he establishes the denial of a right protected by the Due Process Clause and makes an initial showing that the denial resulted in substantial prejudice.  *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997); *Patel v. INS*, 803 F.2d 804, 807 (5th Cir. 1986).

Aguayo argues that the DHS violated his due process rights by issuing a final order of removal even though he did not knowingly and voluntarily waive his procedural rights or his right to the assistance of counsel.  The record does not conclusively show that Aguayo knowingly and voluntarily waived his rights in the context of his expedited removal proceeding.  However, Aguayo has not established that he would have been able to rebut the charges contained in his notice of removal or that he might have obtained some form of relief from removal absent the due process violations.  Because Aguayo has not

No. 14-60861

shown that the alleged violations resulted in substantial prejudice, his due process claim fails. *See Anwar*, 116 F.3d at 144-45; *Ogunfuye v. Holder*, 610 F.3d 303, 306-07 (5th Cir. 2010).

Aguayo also argues that the DHS violated his due process rights by removing him to Mexico without first advising his attorney. However, the record does not support Aguayo's assertion that he was represented by counsel at the time the DHS issued his removal order and had him removed from the United States. Absent a showing that the DHS violated a right protected by the Due Process Clause, Aguayo's claim fails.

Aguayo's petition for review is DENIED.