# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60376
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2017

Lyle W. Cayce
Clerk

JOSE MIGUEL MADRIGALES-RODRIGUEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 689 367

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jose Miguel Madrigales-Rodriguez (Madrigales) has petitioned for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. Our review is for an abuse of discretion. *See Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005).

Madrigales wishes to petition for cancellation of removal. His original request for such relief was denied because he had not shown 10 years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

continuous presence in the United States.  Madrigales contends that he was deprived of an opportunity to make such a showing by counsel's unprofessional representation.

Madrigales has waived by failing to brief the question whether the BIA abused its discretion in determining that he was ineligible for cancellation of removal because his motion to reopen was filed after the expiration of the voluntary departure period.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *see also* 8 U.S.C. § 1229c(d)(1)(B); 8 C.F.R. § 1240.26(e)(2).  He has also waived the questions whether the BIA abused its discretion in concluding that his proposed asylum application was untimely and that his proposed application for withholding of removal was not cognizable and was without merit.  *See Soadjede*, 324 F.3d at 833.

As to his due process claim of ineffective assistance of counsel, Madrigales must demonstrate that counsel's unprofessional actions were substantially prejudicial to his case.  *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006).  That is, he must make a prima facie showing that there is a reasonable likelihood that, upon reopening, the relief sought will be granted. *See Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994).

Madrigales's unsubstantiated allegations and self-serving assertions are insufficient.  *See Ogunfuye v. Holder*, 610 F.3d 303, 306-07 (5th Cir. 2010); *Miranda-Lores*, 17 F.3d at 85; *see also* 8 U.S.C. § 1229a(c)(7)(B).  Because Madrigales has not shown that there is a reasonable likelihood that, upon reopening, cancellation of removal would be granted, the petition for review is DENIED.  *See Mai*, 473 F.3d at 165; *Miranda-Lores*, 17 F.3d at 85.