# United States Court of Appeals
# for the Fifth Circuit

No. 22-60010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2022

Lyle W. Cayce
Clerk

AHED ABDUL HADI SHEETI; MAJED MOHD AL-HATABEH;
HAMZA MAJED AL HATABEH,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 946 871, A206 946 872, A206 946 875

Before BARKSDALE, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Ahed Abdul Hadi Sheeti, Syrian native and citizen of Jordan, petitions for review of the Board of Immigration Appeals' (BIA) denying her application for asylum and rejecting her claim the Immigration Judge (IJ)

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denied her due-process.    (Her husband and minor son are derivative applicants on her application.)

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal questions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).  Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Sheeti's testimony in support of asylum revolves around economic and criminal issues regarding knowledge of her former employer's business practices in Jordan.  Because the record does not reflect direct political activity (the claimed statutorily-protected ground) that casts "a political shadow over an otherwise largely economic claim", Sheeti fails to satisfy the requisite persecution based on a political belief.  *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352 (5th Cir. 2002).

Further, Sheeti's procedural due-process rights have not been violated.  She contends the IJ's interpreter spoke a different Arabic dialect, causing her confusion.  She did not, however, object to the translator and made no indications during her hearing that translation was an issue, nor does she point to any part of the record as incorrectly translated.  Accordingly, she has made no showing of substantial prejudice that affected the proceedings. *E.g.*, *Ogunfuye v. Holder*, 610 F.3d 303, 306–07 (5th Cir. 2010) (due-process violation requires establishing the violation affected outcome of proceedings).

DENIED.