# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

No. 06-61150
Summary Calendar

BELMONT DORMEUS

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A38 961 833

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:*

Belmont Dormeus, a native and citizen of Haiti, filed a 28 U.S.C. § 2241 petition in the federal district court for the Southern District of New York challenging the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order of removal. The district court transferred the case to the Second Circuit Court of Appeals pursuant to the REAL ID Act of 2005, and that court transferred the case to this court. *See* 8 U.S.C. § 1252(b)(2). The matter is now construed as a petition for review of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA's decision. *See Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005).

The REAL ID Act precludes judicial review of any removal order based on, inter alia, commission of an aggravated felony. § 1252(a)(2)(C); *see Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir.), *cert. denied*, 127 S. Ct. 40 (2006). Because Dormeus's bank fraud conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), we "lack jurisdiction to grant review of the removal decision on this ground." *James v. Gonzales*, 464 F.3d 505, 512 (5th Cir. 2006).

Dormeus challenges the IJ's January 7, 2003, denial of his motion for a change of venue from Oakdale, Louisiana, to New York. An alien is required to exhaust all administrative remedies available to him. *See Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). Because Dormeus did not raise this issue before the BIA, this court lacks jurisdiction to consider it. *See id.*

Dormeus argues that he was deprived of due process because he was required to proceed before the IJ without legal representation. The absence of counsel may violate due process if it impinges on the Fifth Amendment requirement that the proceedings be fundamentally fair and there was substantial prejudice. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993). The record demonstrates that the IJ granted several continuances to allow Dormeus to obtain counsel. The proceedings were not fundamentally unfair. *See Ogbemudia*, 988 F.2d at 599.

Dormeus argues that his mandatory detention is unconstitutional. Dormeus must continue to meet the case and controversy requirement. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Dormeus's challenge to his mandatory detention has been rendered moot by his removal to Haiti. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

PETITION DISMISSED IN PART AND DENIED IN PART.