# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60771
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2019

Lyle W. Cayce
Clerk

Consolidated with 18-60073

DRAGOMIR TASKOV,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 509 789

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Dragomir Taskov petitions for review of the decision of the Board of Immigration Appeals (BIA) that affirmed the decision of the Immigration Judge (IJ) ordering Taskov's removal and denying his application under 8 U.S.C. § 1229b(a) for cancellation of removal. The BIA applied a modified categorical approach in determining that Taskov's 2012 conviction of receipt of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stolen property, in violation of 18 U.S.C. § 2315, is an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). Taskov has presented no argument with respect to that determination. He has therefore waived the central issue whether the BIA erred in dismissing his appeal on that basis. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Accordingly, the petition for review is denied in part.

The notice to appear was refiled improperly, Taskov asserts, and the original charge of overstaying his visa was invalid. Because the aggravated felony conviction independently establishes Taskov's removability and because the BIA never addressed the overstay charge, this issue is not properly before this court. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Iruegas-Valdez v. Yates*, 846 F.3d 806, 811 (5th Cir. 2017).

According to Taskov, he was not properly notified of the agency's motion for a change of venue; the order granting the agency's motion was not based on "good cause"; the IJ erred in denying his motion for a change of venue; and the BIA arbitrarily denied his interlocutory appeal from that order. Except insofar as they raise questions of law and constitutional claims, this court lacks jurisdiction to consider these questions. *See Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010). Taskov has not shown that his right to due process was violated because service of process was made on his counsel of record. The contention that counsel was not authorized to represent Taskov is not supported by the record, and Taskov has not shown that he was prejudiced in any way by a lack of notice. *See Ogunfuye*, 310 F.3d at 306-07. In a related contention, Taskov asserts in conclusory fashion that the agency violated his rights of access to the immigration court and to self-representation and that the immigration court refused to file or rule on his pro se motions. These contentions are refuted by the record.

No. 17-60771
c/w No. 18-60073

Finally, Taskov complains that he was detained in violation of his rights under the Fourth Amendment because he was taken into custody before he was released from confinement for his criminal convictions and was detained without bond and because the immigration court unreasonably delayed his removal proceedings. These contentions are not related to the removal order and are moot because Taskov has been removed to Canada. *See Dormeus v. Keisler*, 252 F. App'x 611, 612 (5th Cir. 2007). Accordingly, the petition for review is dismissed in part.

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.