IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 06-51477

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ISMAEL LIRA, TINA MILLS also known as, Tina Lira

Defendants – Appellants

Appeal from the United States District Court
for the Western District of Texas
No. DR–04–CR–00722

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ismael and Tina Lira, husband and wife, were convicted in a jury trial for their roles in a drug-distribution conspiracy. Mr. Lira received a life sentence, and Ms. Lira received ten years. Both now appeal various aspects of their convictions and sentences. For the reasons that follow, we affirm.

1. Ms. Lira contends that the Government produced insufficient evidence to establish her involvement in the conspiracy. When reviewing for the sufficiency of the evidence, we must affirm the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction "if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt."[1]

Viewing the evidence in the light most favorable to the jury's verdict, and drawing all reasonable inferences from the evidence that support the verdict,[2] there is sufficient evidence in the record to support Ms. Lira's conviction. Gary Hernandez, for example, testified about Ms. Lira's knowledge of, and involvement in, the conspiracy. Hernandez placed Ms. Lira at the scene of a large drug transaction where Ms. Lira helped him count bundles of marijuana. The fact that Ms. Lira actively participated in the counting belies her claim on appeal that she was simply present during the transactions. Moreover, Hernandez also testified that Ms. Lira was present when he and Mr. Lira discussed the conspiracy and that Ms. Lira knew what was going on. Ms. Lira responds by trying to cast doubt on Hernandez's credibility, but we must assume the jury made credibility determinations that support its verdict,[3] and so we assume the veracity of his testimony. Thus, Hernandez's testimony—along with other evidence in the record linking Ms. Lira to various drug transactions—would provide a rational juror a sufficient basis to convict Ms. Lira.

2.    Ms. Lira next contends that the district court erred by not severing her case from Mr. Lira's. "The denial of a severance motion will be

---

[1] United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).

[2] Id.

[3] Id.

reversed only for abuse of discretion, upon a showing of specific and compelling prejudice."[4]

Ms. Lira has not shown that there was an abuse of discretion. While many of the witnesses at trial primarily (or solely) discussed Mr. Lira, not Ms. Lira, they were both involved in the same conspiracy and thus the evidence of Mr. Lira's activities were relevant to Ms. Lira's guilt or innocence. Moreover, to the extent that some of the evidence was relevant only to Mr. Lira, the district court instructed the jury to give separate consideration of the evidence as to each defendant. Ms. Lira has not shown that she suffered the necessary "compelling prejudice" by being tried with Mr. Lira.[5]

3. Mr. Lira contends that there was insufficient evidence to support his conviction under 21 U.S.C. § 848 for being part of a continuing criminal enterprise. To sustain its conviction, the Government had the burden to prove, among other things, that Mr. Lira obtained "substantial income or resources" from his involvement in a continuing series of illegal drug transactions.[6] The substantial-income requirement is met when the Government can show that "many thousands of dollars changed hands" and that the defendant received "some" of that money.[7] Mr. Lira contends that there was insufficient evidence to establish that he obtained "substantial

---

[4] United States v. Erwin, 793 F.2d 656, 665 (5th Cir. 1986).

[5] See id.

[6] United States v. Gonzales, 866 F.2d 781, 784 (5th Cir. 1989) (quoting 21 U.S.C. § 848).

[7] Id.

income" from the drug conspiracy and that the phrase is unconstitutionally vague.

As to his vagueness challenge, circuit precedent forecloses this argument.[8] As for his sufficiency challenge, the record is replete with testimony about Mr. Lira's involvement in large-scale drug transactions worth many thousands of dollars. Moreover, several Government witnesses testified that Mr. Lira had several expensive vehicles that the jury could infer he purchased with his drug money. Thus, a rational juror could conclude from this evidence that Mr. Lira received "substantial income" from the drug conspiracy.

4.    Mr. and Ms. Lira jointly contend that their rights were violated because the sentencing judge was not the same as the trial judge. Although the Liras frame their complaint at times in terms of a violation of their due process rights, their argument is mostly couched in terms of whether there was an abuse of discretion when there was a substitution of the judge at sentencing.[9]

The Liras cannot show that there was an abuse of discretion. The sentencing judge stated on the record that while she did not preside over the jury trial, she both studied the sentencing papers and reviewed the record to make sure that she had a "full and credible understanding of the facts and what happened in the particular case." The judge went on to "assure the parties that [she has] definitely learned and made [herself] familiar with this particular case . . . ." The Liras contend that they were prejudiced

---

[8] United States v. Brito, 136 F.3d 397, 407–08 (5th Cir. 1998) (noting that this court has already held that section 848 is not unconstitutionally vague and rejecting the defendant's vagueness challenge to the term "substantial").

[9] Gov't of Canal Zone v. O'Calagan, 580 F.2d 161, 164–65 (5th Cir. 1978).

because the Government allegedly made several statements at the sentencing hearing that conflicted with the trial evidence. They further contend that the sentencing judge was not able to know this as the judge was not there at trial. But defense counsel was able to point out these alleged inconsistencies to the sentencing judge. The sentencing judge, then, was able to make her own independent determination regarding the evidence. The Liras contend that this was improper because the determination could only have been made by reviewing a cold transcript. While perhaps this is not the preferable practice, it is not per se reversible error, as the Liras imply.

5. Mr. Lira argues that the district court erred in its factual determination at sentencing regarding the amount of drugs that could properly be attributed to him. We review such challenges for clear error.[10]

Here, the pre-sentence report stated that approximately 33,000 kilograms of marijuana could be attributed to Mr. Lira. This amount was supported by witnesses both at trial and at the sentencing hearing. The defendant bears the burden to prove that the information in the pre-sentence report is materially false.[11] Mr. Lira did not meet that burden here.

Mr. Lira also asserts for the first time in his reply brief that his Guideline sentence was unreasonable. This claim is without merit.[12]

---

[10] United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998).

[11] Id. at 832.

[12] See United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006) (noting that within Guideline sentences are presumptively reasonable and it is the defendant's burden to rebut

AFFIRMED.

that presumption).