# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60336

———————

Sebastian Kassomi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A079 003 925

————————————————————

Before Clement, Elrod, and Willett, *Circuit Judges*.

Per Curiam:[*]

Sebastian Kassomi petitions for review of the Board of Immigration Appeals' final order removing him from the United States to Tanzania. Because the BIA did not address the dispositive issue with respect to Kassomi's request for a continuance to file a Form EOIR-42B application for cancellation of removal, we GRANT the petition in part, VACATE the BIA's decision in part, and REMAND to the BIA for further proceedings.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60336

I.

Sebastian Kassomi, a native and citizen of Tanzania, was served with a notice to appear in 2007 alleging that he was an immigrant not in possession of valid entry documents and thus subject to removal. In January 2018, Kassomi filed an I-589 application for asylum, withholding of removal, and CAT protection. At an April 2018 preliminary hearing on Kassomi's I-589 application, the IJ scheduled Kassomi's merits hearing for February 12, 2019 and set a January 14, 2019 filing deadline for supporting documentation. The IJ also instructed Kassomi's counsel, with Kassomi present, regarding the biometrics requirement for his I-589 application, stating: "make sure [Kassomi] is fingerprinted. Failure to do so[] is abandonment of the application."

In December 2018, as she was preparing for Kassomi's merits hearing on his I-589 application, Kassomi's counsel realized that Kassomi was potentially eligible for an additional form of relief—cancellation of removal—in light of the Supreme Court's June 2018 opinion in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Accordingly, Kassomi's counsel prepared a Form EOIR-42B application for cancellation of removal, which she intended to file along with the supporting documentation for Kassomi's I-589 application prior to the January 14 deadline. However, when Congress was unable to pass an appropriations bill, the federal government—including the immigration courts—shut down from December 22, 2018 to January 25, 2019. Kassomi was therefore unable to make any filings by the January 14 deadline. On February 1, 2019—one week after the government had reopened—Kassomi attempted to file his 42B application as well as supporting documentation for his I-589 application but "was turned away" at the filing window by court personnel and instructed to "file [the documents] in court with the judge" on the day of the hearing. Kassomi was not fingerprinted between the April 2018 preliminary hearing and his February 2019 merits hearing.

No. 22-60336

At Kassomi's February 14, 2019 merits hearing on his I-589 application, Kassomi's counsel explained to the IJ the factual circumstances that prevented her from timely filing supporting documentation as well as the new 42B application and requested a brief continuance so that the filings could be properly entered and considered.[1] With respect to the requested continuance to file supporting documentation for Kassomi's I-589 application, the IJ denied the motion as moot because Kassomi had failed to comply with the biometrics requirement and had not demonstrated "good cause" for that failure. Thus, the IJ deemed Kassomi's I-589 application abandoned. *See* 8 C.F.R. § 1003.47(c) ("Failure to . . . comply with the requirements to provide biometrics . . . constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause."). As for the requested continuance on the 42B application, the IJ denied the motion on the basis that Kassomi's counsel had six months between the June 2018 *Pereira* decision and the December 2018 government shutdown in which she could have filed the 42B application but did not do so, and therefore the government shutdown did not constitute "good cause" for a continuance. *See* 8 C.F.R. § 1003.29 ("The immigration judge may grant a motion for continuance for good cause shown . . ."). With no remaining claims for relief, the IJ ordered Kassomi removed from the United States to Tanzania.[2]

_____

[1] Kassomi's counsel brought file-ready versions of the 42B application and supporting documents for the I-589 application to the hearing.

[2] The IJ did permit Kassomi to file the supporting documentation for the I-589 application and his 42B application "for purposes of any appeal . . . or motion to re-consider or anything else."

Kassomi appealed the IJ's decision to the BIA. Before the BIA, Kassomi argued that the IJ's refusal to consider his 42B application for cancellation of removal was "arbitrary and unfair" because the government shutdown had prevented him from timely filing the application and the government would not suffer prejudice if he were allowed to file out of time. As for the IJ's decision to deem Kassomi's I-589 abandoned due to his failure to obtain fingerprints, Kassomi argued that the IJ's action was "arbitrary and unfairly prejudicial" because he had previously submitted his fingerprints to DHS in 2004 as part of his application for employment authorization and DHS could have simply "refreshed" his 2004 fingerprints for use with his I-589 application.

Kassomi also filed a motion to remand with the BIA. In support of his motion to remand, he offered "additional evidence" showing that on February 28, 2019—two weeks after the merits hearing—Kassomi had "attempted to cure the [biometrics] problem by having his fingerprints taken" but "was turned away by the fingerprint processing location."

The BIA dismissed Kassomi's appeal and denied his motion to remand. The BIA rejected Kassomi's "argument that the IJ erred in denying his motion for a continuance since the continuance would have been for the purpose of developing issues that had become moot" due to his failure to complete the biometrics requirement. As to the biometrics, the BIA did not recognize that the IJ had distinguished between Kassomi's pending I-589 application and his unfiled 42B application. Rather, the BIA found that "[t]he record supports the IJ's determination that *all* applications for relief were abandoned for failure to comply with the biometric checks" because there was not "any evidence that [Kassomi] timely completed the biometrics requirements" and Kassomi had "provided no good cause for failing to complete the required biometrics" despite having "been informed appropriately of that requirement." And as to the motion to remand, the BIA

No. 22-60336

held that "remand is not warranted" because Kassomi's claim that DHS could "refresh" his 2004 fingerprints was incorrect and the "new evidence" Kassomi submitted—photographs of him at an Application Support Center—was "not material or relevant" because the pictures "were taken on February 28, 2019, which is after the February 12, 2019, deadline the IJ clearly conveyed to [Kassomi] and his counsel" for obtaining fingerprints. Kassomi timely petitioned this Court for review of the BIA's decision.

## II.

The BIA's determination to dismiss Kassomi's applications as abandoned for failure to complete the biometrics requirement is reviewed for abuse of discretion. *Singh v. Sessions*, 751 F. App'x 464, 467 (5th Cir. 2018).[3] "The BIA abuses its discretion when it fails to provide a 'reasoned explanation' for its decision, ignores or fails to fully address important aspects of an individual's claim, or fails to meaningfully consider relevant evidence." *Sylejmani v. Sessions*, 729 F. App'x 317, 320 (5th Cir. 2018) (citations omitted). In addition to reviewing the BIA decision, this Court also reviews the IJ's decision to the extent it influenced the BIA. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

## A.

We first address Kassomi's failure to timely complete the biometrics requirement in connection with his I-589 application. As Kassomi admits, the

---

[3] Although Kassomi frames much of his appeal in terms of due process violations, his actual arguments are couched in terms of whether there was an abuse of discretion and are therefore reviewed as such. *Cf. United States v. Lira*, 262 F. App'x 653, 656 (5th Cir. 2008); *Ogunfuye v. Holder*, 610 F.3d 303, 307 n.4 (5th Cir. 2010). To the extent Kassomi intended to raise procedural due process arguments beyond the alleged errors presented to the BIA, those arguments are not properly before this Court because Kassomi did not exhaust them before the BIA either on direct appeal or through a motion for reconsideration. *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 & n.6 (5th Cir. 2022).

No. 22-60336

IJ set a January 14, 2019 deadline for him to "have his fingerprints taken by DHS for biometric security check purposes." And 8 C.F.R. § 1003.47(c) is clear that a I-589 applicant's "[f]ailure to . . . comply with the requirements to provide biometrics . . . within the time allowed by the IJ's order, constitutes abandonment of the application and the IJ may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause." The IJ told Kassomi and his counsel as much, warning them on the record that "[f]ailure to [timely complete fingerprinting] is abandonment of the [I-589] application." On appeal, Kassomi contends that he had "good cause" for his failure to comply with this biometrics requirement because (1) he mistakenly thought he had complied because he previously submitted his fingerprints to DHS in 2004 as part of his application for employment authorization, (2) in any event, DHS could have simply "refreshed" Kassomi's 2004 fingerprints in its system for use with his I-589 application, and (3) Kassomi "was concerned that . . . he would not be able to be fingerprinted" because he did not have a valid ID. But the IJ and BIA considered these circumstances and determined that they did not constitute "good cause." Nothing in those decisions constitutes an abuse of discretion.

Our opinion in *Martinez-Cortes v. Garland*, No. 21-60322, 2022 WL 1551896 (5th Cir. May 17, 2022), is instructive. There, we rejected the petitioner's argument that the IJ and BIA had abused their discretion by finding that her failure to understand the applicable biometrics requirement did not constitute "good cause," noting that she had "received notice and instructions regarding the biometrics requirement" and "was advised of the consequences for failing to comply." *Id.* at 1. As in *Martinez-Cortes*, neither the IJ nor the BIA abused its discretion in finding that Kassomi's mistaken belief that he had complied with the biometrics requirement by submitting fingerprints to DHS fifteen years earlier constituted "good cause" for

6

ignoring the IJ's clear instruction to "make sure [Kassomi] is fingerprinted" prior to his merits hearing and warning that "[f]ailure to do so[] is abandonment of the application." Nor is there any merit to Kassomi's contention that DHS "could have refreshed [Kassomi's 2004 fingerprints] in the system" for use with his I-589 application. The document that Kassomi relies upon in support of this argument expressly states that for individuals like Kassomi "who are filing applications for relief or protection from removal with EOIR," the "existing process remains unchanged" and they "must continue to follow the instructions provided in EOIR proceedings." As for Kassomi's "concern" that he would not have been able to obtain fingerprints because he did not have a valid ID, such "concern" does not constitute "good cause" for failing to even *attempt* to complete biometrics until two weeks *after* the merits hearing.

Because Kassomi did not demonstrate "good cause" for failing to comply with the biometrics requirement for his I-589 application, neither the IJ nor the BIA abused its discretion in dismissing the application as abandoned. Kassomi's petition for review with respect to his I-589 application is therefore DENIED.[4]

B.

Having considered the impact of Kassomi's failure to complete fingerprinting on his I-589 application, we turn to the BIA's determination that this failure also rendered Kassomi's yet-to-be-filed 42B application abandoned. Notably, the IJ did *not* dismiss Kassomi's 42B application on this basis. Rather, the IJ rejected Kassomi's 42B application as untimely because

---

[4] Because we affirm the order dismissing Kassomi's I-589 application for failure to timely complete biometrics, we do not address the parties' arguments concerning Kassomi's motion for a continuance to file documentation in support of that application.

No. 22-60336

he had not demonstrated "good cause" for a continuance after failing to submit the application in the six-month period between the Supreme Court's *Pereira* decision in June 2018 and Kassomi's January 2019 filing deadline. The BIA did not address this dispositive issue.[5]

To be sure, the BIA may affirm the IJ's decision "on any basis supported by the record." 8 C.F.R. § 1003.1(d)(3)(v). But this was not a situation where the BIA identified its own basis for affirmance in the record and relied on that instead of the IJ's reasoning. Rather, the BIA misunderstood the IJ's reasoning, mistakenly believing that the IJ had held that "*all* applications for relief"—*i.e.*, both the I-589 and the 42B—"were abandoned for failure to comply with the biometric checks" and finding that "[t]he record supports the Immigration Judge's determination." But the IJ did not hold that *all* of Kassomi's applications for relief had been abandoned—only his I-589 application. And the BIA did not identify any basis in either the record or caselaw to support an independent determination that Kassomi's failure to complete biometrics prior to his I-589 merits

_____

[5] There are many unanswered questions bearing on this issue which, in light of the BIA's expertise, are more appropriately addressed by the BIA on remand in the first instance. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002) (encouraging courts of appeals to "giv[e] the BIA the opportunity to address the matter in the first instance in light of its own expertise"). For example, it is unclear whether there was a deadline by which Kassomi was required to file his Form EOIR-42B application. The instructions for a I-589 application state that, absent "changed circumstances," an individual "**must** submit an application for asylum within 1 year of arriving in the United States." *Form I-589 Instructions*, USCIS (Mar. 1, 2023) (emphasis in original), https://www.uscis.gov/sites/d efault/files/document/forms/i-589instr.pdf. But the instructions for a Form EOIR-42B application contain no apparent filing deadline. *Form EOIR-42B Instructions*, U.S. DEP'T OF JUSTICE (Feb. 2022), https://www.justice.gov/eoir/page/file/904291/download. And if there was no deadline, it is not clear whether the six-month period between the *Pereira* decision and Kassomi's I-589 filing deadline is relevant to the timeliness of Kassomi's 42B application. Beyond that, the BIA may have other questions to grapple with. After all, because the IJ "assume[d] for purposes of th[is] case . . . that [Kassomi] qualifies for 42B," it is still unsettled whether Kassomi is eligible for cancellation of removal in the first place.

hearing constituted an abandonment of his unfiled Form EOIR-42B application as well. In fact, both the USCIS Policy Manual and the USCIS application instructions state that a biometric services appointment will be scheduled *after*—not before—such an application is filed.[6]

Without any basis in the record upon which to find that Kassomi's failure to complete biometrics prior to his I-589 merits hearing constituted an abandonment of his EOIR-42B application, the BIA abused its discretion. We therefore GRANT Kassomi's petition for review with respect to his Form EOIR-42B application, VACATE that portion of the BIA's order, and REMAND to the BIA to consider whether the IJ properly rejected Kassomi's 42B application as untimely because he had not demonstrated "good cause" for a continuance after failing to submit the application in the six-month period between the Supreme Court's *Pereira* decision in June 2018 and Kassomi's January 2019 filing deadline.

### III.

The BIA's denial of Kassomi's motion to remand is also reviewed for abuse of discretion. *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). "A motion to [remand for new evidence] shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." *Id.* (alteration in original) (quoting 8 C.F.R. § 1003.2(c)(1)). Here, the evidence Kassomi sought to introduce on remand—his attempt to have his fingerprints taken on February 28, 2019—was created two weeks *after* his

---

[6] USCIS Policy Manual vol. 1, pt. C, ch. 2 (July 6, 2023), https://www.uscis.gov/policy-manual/volume-1-part-c-chapter-2; *Instructions for Submitting Certain Applications in Immigration Court and for Providing Biometric and Biographic Information to U.S. Citizenship and Immigration Services* § B (Aug. 5, 2020), https://www.uscis.gov/sites/default/files/document/legal-docs/Pre%20Order%20Instructions%20EOIR.pdf.

No. 22-60336

hearing. It therefore had no relevance to the issue of whether he had good cause for failing to satisfy the biometric requirement in the many months *prior* to the deadline. Accordingly, Kassomi fails to show that the BIA abused its discretion in denying his motion to remand, and his petition for review of that decision is therefore DENIED.

\* \* \*

For these reasons, we DENY the petition for review in part, GRANT the petition for review in part, VACATE the BIA's decision and order in part, and REMAND this case to the BIA for further proceedings consistent with this opinion.